UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL F. BROOKS,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES NORTHERN DISTRICT COURT OF IDAHO,<br><br>      Respondent. | Case No. 2:25-cv-00537-DCN<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Daniel F. Brooks is a pretrial detainee presently detained in the Kootenai County Jail for a criminal prosecution in this Court. *See United States v. Brooks*, Case No. 2:25-cr-00186-DCN (D. Idaho). Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241,[1] alleging that his right to a speedy trial, under 18 U.S.C. § 3161, has been violated. *See* Dkt. 1.

  In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal under Habeas Rule 4. That rule permits dismissal of a habeas petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Petitioner states he is bringing either a habeas petition under 28 U.S.C. § 2241 or § 2254, or a petition for writ of mandamus. Dkt. 1 at 1. Because the Petition challenges Petitioner's federal pretrial custody, it is most appropriately characterized as a petition for writ of habeas corpus under § 2241.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

Section 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, the Petition asserts that, in June 2025, Petitioner's state court charges were dismissed, but he remained in state custody on a "federal hold," due to the federal charges he faces in *United States v. Brooks*, No. 2:25-cr-00186-DCN (D. Idaho). Dkt. 1 at 1. Petitioner claims he was not arraigned between June 28, 2025 and September 16, 2025—the date he filed the instant Petition.

However, on September 18, 2025, two days after he filed this habeas case, he initially appeared and was arraigned before this Court in his criminal proceeding. *See Brooks*, Case No. 2:25-cr-00186-DCN, at Dkt. 7. Accordingly, the Petition appears to be moot.

Alternatively, even if the Petition is not moot, it appears subject to denial on the merits. Petitioner asserts a violation of the Speedy Trial Act. But under that Act, the speedy trial clock does not begin to run until "the filing date (and making public) of the information or indictment, or *from the date the defendant has appeared before a judicial officer of the court in which such charge is pending*, *whichever date last occurs*." 28 U.S.C. § 3161(c)(1) (emphasis added). Here, Petitioner initially appeared before this Court in his federal criminal case on September 18, 2025. Therefore, the speedy trial clock began running on that day. The clock remains running because the Court has found excludable time under 18 U.S.C. § 3161(h)(7). *See Brooks*, Case No. 2:25-cr-00186-DCN, at Dkts. 24 and 27. Accordingly, Petitioner's speedy trial right has not been violated.

## ORDER

**IT IS ORDERED:**

1. It appears from the face of the Petition that Petitioner is not entitled to relief on his § 2241 petition. *See* Habeas Rule 4. Within 14 days after entry of this Order, Petitioner file may an amended petition setting forth any reason why he believes this case is not subject to dismissal as moot or subject to denial on the merits.

2. If Petitioner does not file an amended petition, or if the amendment does not remedy the deficiencies identified in this Order, this case may be dismissed without further notice.

DATED: November 25, 2025

_____
David C. Nye
Chief U.S. District Court Judge